THE TOWN OF DIXON, Appellant, *vs.* SEYMOUR IDE, Appellee.

*Opinion filed April 22, 1915.*

1. TAXES—*taxes must be uniform in respect to persons within the taxing district.* Section 9 of article 9 of the constitution authorizes the General Assembly to vest municipal corporations with authority to assess and collect taxes for corporate purposes but requires that such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same.

2. SAME—*when tax cannot be said to be uniform as to persons within taxing district.* A tax cannot be said to be uniform in respect to persons within the jurisdiction of the taxing body when one person within such jurisdiction has to pay a tax and another person in precisely the same circumstances, except as to his place of residence within such jurisdiction, is exempt.

3. CONSTITUTIONAL LAW—*poll-tax provision of the Road law of 1913 is unconstitutional.* The provision of section 55 of the Roads and Bridges act of 1913 which exempts from the poll tax authorized by such section to be levied by the commissioners of highways persons residing within the limits of cities or incorporated villages is unconstitutional, as a resident of a city or incorporated village is as much a resident of the township as a person living in the township outside of such city or village.

APPEAL from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding.

HARRY EDWARDS, and J. W. WATTS, for appellant.

H. A. BROOKS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Section 55 of the Road and Bridge law of 1913 (Hurd's Stat. 1913, p. 2128,) provides for the assessment of a poll tax for highway purposes upon able-bodied men between the ages of twenty-one and fifty years. Seymour Ide, a resident of the town of Dixon, in Lee county, refused to pay the tax and the commissioners of highways sued him for it in the name of the town. Upon appeal to the circuit court a jury was waived, the case was tried by the

court upon a stipulation as to the facts, there was a judgment for the defendant, and the town of Dixon appealed directly to this court upon the ground that the constitutionality of said section 55 is involved. The court held, as a proposition of law, that the section is unconstitutional. There was another question in the case, but it is not necessary to consider it.

The provisions of section 55 necessary to be considered in this case are as follows: "At their annual meeting to be held on the second Tuesday after the annual town meeting or district election in each year, each board of highway commissioners shall make out a list of able-bodied men in their town or district between the ages of twenty-one (21) and fifty (50) years and deliver the same to the town or district treasurer on or before the first day of May in each year, and assess at such meeting against each person upon such list a sum of not less than one (1) nor more than three (3) dollars, as a poll tax for highway purposes, to be paid in cash to such treasurer by the first Monday of June of each year: *Provided,* that paupers, idiots, lunatics and such others as are exempt by law shall not be compelled to pay a poll tax for highway purposes: *Provided,* also, that this list shall not include persons within the limits of cities or incorporated villages." Then follow directions as to the method of proceeding to collect the tax.

It was stipulated that the township of Dixon includes the city of Dixon, which comprises about one-third of the township; that the commissioners of highways of the township assessed a poll tax of two dollars upon all able-bodied men over twenty-one and under fifty years of age but assessed it only upon those residing outside of the city of Dixon; that Seymour Ide was an able-bodied man between the ages of twenty-one and fifty years, residing in the township of Dixon outside the city of Dixon, not falling within any exemption from the payment of the tax, and that the notice required by the statute was duly served upon him.

One objection made to the tax is that it is not equal and uniform throughout the township. Section 9 of article 9 of the constitution authorizes the General Assembly to vest municipal corporations with authority to assess and collect taxes for corporate purposes, but requires that such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same. This imposes upon the right of highway commissioners to assess and collect a tax the condition that it shall be uniform in respect to persons and property within their jurisdiction,—that is, within the township. A tax cannot be said to be uniform as to persons within the jurisdiction when one person within the jurisdiction has to pay the tax and another person within the jurisdiction in precisely the same circumstances, except as to his place of residence, does not have to pay it. A resident of the city of Dixon is as much a resident of the town of Dixon as a resident of the town outside the city. The territory of the city of Dixon is a part of the town of Dixon and for township purposes is a part of the latter municipality. The corporate authorities of this municipality can only assess a tax uniform in respect to persons within the territory of the municipality. The commissioners of highways are corporate authorities of the town, and any tax assessed by them must be uniform as to all persons in the town. The exemption of residents of the city by the proviso to section 55 is repugnant to the constitution, and the section is therefore inoperative and void.

The commissioners were without authority to assess the poll tax, and the judgment of the circuit court must be affirmed.                    *Judgment affirmed.*